**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cherry Scott, as Personal Representative of the Estate of Elizabeth Jones, Respondent,

v.

Heritage Healthcare of Estill, LLC, d/b/a Heritage of the Lowcountry and/or Uni-Health Post Acute Network of the Lowcountry, United Clinical Services, Inc., United Rehab, Inc., and UHS-Pruitt Corporation, Appellants.

Appellate Case No. 2012-207308

Appeal From Hampton County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2014-UP-317
Heard May 5, 2014 – Filed August 6, 2014

**AFFIRMED**

Monteith Powell Todd, John Michael Montgomery, and Robert E. Horner, all of Sowell Gray Stepp & Laffitte, LLC, of Columbia; and Jason Edward Bring, W. Jerad Rissler, and Tyler Lawrence Arnold, all of Arnall Golden Gregory, LLP, of Atlanta, Georgia, for Appellants.

Lee Deer Cope, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton; Charles McCutchen, of Lanier & Burroughs, LLC, of Orangeburg; Matthew Vernon Creech, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Ridgeland; and Margie Bright Matthews, of Bright Matthews Law Firm, LLC, of Walterboro, for Respondent.

---

**PER CURIAM:**  In this wrongful death and survival action alleging nursing home negligence, Heritage Healthcare of Estill, LLC, d/b/a Heritage of the Lowcountry and/or Uni-Health Post Acute Network of the Lowcountry, United Clinical Services, Inc., United Rehab, Inc., and UHS-Pruitt Corporation (collectively, "Heritage") appeal from the trial court's denial of its motion to compel arbitration. Heritage argues the trial court erred in (1) concluding the arbitration agreement was not governed by the Federal Arbitration Act (FAA) when the transaction between the parties involved interstate commerce and (2) refusing to enforce the parties' Arbitration Agreement in accordance with its plain terms.  We affirm.

1.     We affirm as to whether Ellen Jenkins had authority to sign the Arbitration Agreement on Elizabeth Jones' behalf when Jones was competent at the time she was admitted to Heritage, and Jenkins did not possess a health care power of attorney to sign either contract on Jones' behalf.[1]  We find the evidence reasonably supports the trial court's findings that Jenkins lacked authority to enter into the Arbitration Agreement on Jones' behalf because Jones was competent at the time of her admission, and Sally Dobson, the admissions director for Heritage, agreed it would have been more appropriate for Jones to sign the contract herself because she was competent, and Dobson did not know if Jenkins had a power of attorney. Therefore, we find the Arbitration Agreement is not enforceable against Respondent.  *See New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) (stating an "[a]ppeal from the denial of a motion to compel arbitration is subject to de novo review"); *id.* ("Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings."); *Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, 310 S.C. 132, 145, 425 S.E.2d 764, 773 (Ct.

---

[1] Jones was admitted to Heritage by Jenkins, her sister, who executed the paperwork for her admission.

App. 1992) ("Agency is a fiduciary relationship which results from the manifestation of consent by one person to another to be subject to the control of the other and to act on his behalf."); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 434, 540 S.E.2d 113, 118 (Ct. App. 2000) ("Agency may be implied or inferred and may be proved circumstantially by the conduct of the purported agent exhibiting a pretense of authority with the knowledge of the alleged principal."); *id.* at 433, 540 S.E.2d at 118 ("An agency may not be established solely by the declarations and conduct of an alleged agent."); *McCall v. Finley*, 294 S.C. 1, 6, 362 S.E.2d 26, 29 (Ct. App. 1987) ("A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts."); *Justus v. Universal Credit Co.*, 189 S.C. 487, 495, 1 S.E.2d 508, 511 (1939) ("[I]t is the duty of one dealing with an agent to use due care to ascertain the scope of the agent's authority . . . .") (internal quotation marks and citation omitted); *cf. Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 353-54, 755 S.E.2d 450, 454 (2014) (finding that under the Adult Health Care Consent Act, a sister who lacked a power of attorney did not have the capacity to bind the decedent to the voluntary arbitration agreement because the scope of the sister's authority to consent to decisions concerning the decedent's health care extended only to the admission agreement, which was the basis upon which the facility agreed to provide health care and the sister agreed to pay for it, and because the separate arbitration agreement concerned neither health care nor payment, but instead provided an optional method for dispute resolution between the facility and the decedent or the sister should issues arise in the future); *Life Care Ctrs. of Am. v. Smith*, 681 S.E.2d 182, 185 (Ga. Ct. App. 2009) (finding "the plain language of the health care power of attorney did not give [the daughter] the power to sign away her mother's or her mother's legal representative's right to a jury trial").

2.    We decline to address Heritage's remaining arguments because we find this issue is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (concluding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

Accordingly, the decision of the trial court is

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**